SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
BRUCE G. CHAPMAN, Cal. Bar No. 164258
bchapman@sheppardmullin.com
SCOTT R MILLER, Cal. Bar No. 112656
smiller@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
CRISTINA M. SALVATO, Cal. Bar No. 295898
csalvato@sheppardmullin.com
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067
Telephone: 310.228.3700
Facsimile: 310.228.3701

Attorneys for Plaintiff
MILLENNIUM BIOMEDICAL, INC.

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MILLENNIUM BIOMEDICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> Z OPTICS, INC., a Delaware corporation, successor-in-interest to Z OPTICS LLC, a Tennessee limited liability company, <br><br> Defendant. | Case No. 19-cv-05311-SVW-JPRx <br><br> **DISCOVERY MATTER** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> [Complaint Filed: June 18, 2019] <br> [FAC Filed: July 5, 2019] |

Plaintiff Millennium Biomedical, Inc. ("MBI") and Defendant Z Optics, Inc. ("ZOI") hereby stipulate to the following protective order governing the disclosure and use of confidential material ("Protective Order" or "Order").

# 1. PURPOSE AND LIMITS OF THIS ORDER

**1.1. Purpose and Limits**. Discovery in this action is likely to involve at least some confidential, proprietary, or private information that the parties believe deserves special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

**1.2. Good Cause Statement.** This action is likely to involve trade secrets and/or other valuable research, development, commercial, financial, technical and/or proprietary information for which the parties believe special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may include, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order

for such information is justified in this matter. It is the intent of the parties that information will not be designated under this Order for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

The following definitions apply to this Order:

**2.1.** **"CONFIDENTIAL" Material**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and which is produced or revealed pursuant to discovery in this action.

**2.2.** **"HIGHLY CONFIDENTIAL -- ATTORNEY EYES ONLY" Material**: extremely sensitive "CONFIDENTIAL" Material, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. **DESIGNATING PROTECTED MATERIAL**

**3.1.** **Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator

learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**3.2. Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 14 days from receipt of the transcript of the deposition or proceeding to make its designation.

    3.2.1. A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

    3.2.2. Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all

-4-
SMRH:4812-8150-3139.2  STIPULATED PROTECTIVE ORDER

pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 14-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 14-day period, the transcript shall be treated only as actually designated

**3.3. Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order

4. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

5. **ACCESS TO DESIGNATED MATERIAL**

**5.1. Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**5.2. Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

5.2.1. The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

5.2.2. The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.2.3.** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.2.4.** The Court and its personnel;

**5.2.5.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**5.2.6.** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**5.2.7.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.3. Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY without further approval only to:

**5.3.1.** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**5.3.2.** The Court and its personnel;

**5.3.3.** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**5.3.4.** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**5.3.5.** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A)

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**6.1. Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**6.2. Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, that party must:

    6.2.1. Notify the designator in writing within five (5) business days of service of a subpoena or court order. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

    6.2.2. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    6.2.3. Cooperate, at designator's expense, with all reasonable procedures sought by the designator whose material may be affected.

**6.3. Wait For Resolution of Protective Order**. If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

## 7. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 8. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 9. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a *receiving party's* request to file designated material under seal pursuant to L.R. 79-5 is denied by the Court, then the receiving party *may file the material in the public record* unless (1) *the designator* seeks reconsideration within four (4) business days of the denial, or (2) as otherwise instructed by the Court.

## 10. FINAL DISPOSITION

Within 90 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all

-8-

copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 90-day deadline that affirms that neither the receiving party nor its agents has retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: September 5, 2019

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/Bruce G. Chapman*
       BRUCE G. CHAPMAN

*Attorneys for Plaintiff*
*Millennium Biomedical Inc.*

-9-
SMRH:4812-8150-3139.2					STIPULATED PROTECTIVE ORDER

Dated: September 5, 2019

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI

By:    */s/Dylan J. Liddiard*
       DYLAN J. LIDDIARD

*Attorneys for Defendant
Z Optics, Inc.*

### **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned filer hereby attests that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

   */s/Bruce G. Chapman*
   BRUCE G. CHAPMAN

GOOD CAUSE APPEARING, IT IS SO ORDERED,

DATED: September 16, 2019

HON. JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Millennium Biomedical, Inc. v. Z Optics, Inc.* Case No. 19-cv-05311-SVW-JPRx. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

     I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____